IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESLEY LYONS, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF JEFFERY R. GAHLER, et al., <br><br> Defendants. | Civil Action No.:  PX-24-2781 |

**MEMORANDUM OPINION**

On November 6, 2024, the Court directed Plaintiff, Wesley Lyons, Jr., to show cause why his time-barred claims should be equitably tolled.  ECF No. 4.  Lyons has responded, ECF No. 7, but as discussed below, he has failed to demonstrate that the claims should be equitable tolled.  Thus, the Complaint must be dismissed as untimely.

"[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense."  *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).  Lyons pursues constitutional claims under 42 U.S.C. § 1983.  For such claims, the Court applies the Maryland three-year limitations period for personal-injury torts.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).  *See* Md. Code Ann., Cts & Jud. Proc. Code § 5-101.  However, when the cause of action has accrued it is governed by federal law.  *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)(en banc).  The claim accrues, and the limitations clock begins to run, "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  *Id.*  The complaint is considered filed, pursuant to the prison mailbox rule, when the

complaint is delivered to prison staff for mailing and is no longer under the plaintiff's dominion and control. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733 (4th Cir. 1991).

Lyons complaint concerns the constitutionality of his arrest in October of 2014 and related charges which were dismissed in 2015. Even if the Court measures limitations by the 2015 date, the time to file suit expired in 2018. Lyons, however, did not file the Complaint with the Court until six years later, on September 18, 2024. The claims are thus clearly time barred.

In response, Lyons admits that he did not know about the limitations period, in part because he did not have access to a law library or a lawyer while he was in prison. ECF No. 7 at 1. Lyons also notes that the prosecutor was removed from the criminal record in July 2021. *Id.* at 2.

Equitable tolling is an extraordinary remedy, to be used only for "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting their rights; rather, the plaintiff must establish that they have been prevented from asserting those rights. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resol. Tr. Corp.*, 333 Md. 324, 333 (1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623 (1985)).

Lyons' reasons for waiting to file suit do not justify equitable tolling. Lyons gives no real explanation for why he could not pursue a claim premised on his false arrest in 2014 within the

limitations period.  *See* ECF No. 7 at 2; ECF No. 8.  That Lyons had been incarcerated and without ready access to counsel will not suffice.  *Ott v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 661 (4th Cir. 2018) ("Ignorance of the law does not justify tolling, even when a party does not have legal representation.") (citing *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)).  Thus, for the foregoing reasons, the Complaint will be dismissed and this case closed.

      A separate Order follows.

| | |
|---|---|
| 3/28/25 | /S/ |
| Date | Paula Xinis<br>United States District Judge |